# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISON MORRISON, : | |
|    *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-784 |
| : | |
| THE LINCOLN UNIVERSITY : | |
| OF THE COMMONWEALTH SYSTEM : | |
| OF HIGHER EDUCATION, *et al.*, : | |
|    *Defendants*. : | |

## MEMORANDUM

**PAPPERT, J.**                                                                 **JUNE 10, 2021**

     Allison Morrison filed a *pro se* Complaint against The Lincoln University of the Commonwealth System of Higher Education and Jake Tanksley, alleging employment discrimination. (ECF No. 2.) Morrison also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, she will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She will be allowed to file an Amended Complaint.

I

     Morrison completed the Court's form Complaint for filing an employment discrimination action. She checked boxes indicating that she intends to pursue claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA") and the Pennsylvania Human Relations Act of 1990, 43 Pa. Cons. Stat. §§ 951-63 ("PHRA"). (ECF No. 2 at 4.)[1] Morrison also indicated that her former employer engaged in discriminatory conduct which included terminating her employment, failing

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

to promote her, failing to stop harassment, subjecting her to unequal terms and conditions of employment, retaliation, and subjecting her to a hostile work environment and a workplace bully. (*Id.* at 5-6.) This conduct is alleged to have begun on or about June 24, 2019 and is no longer continuing. (*Id.* at 6.) The discrimination is alleged to be based on Morrison's age – she was born on July 26, 1967 and, at the time of the filing of the Complaint, was 54 years old. (*Id.*)

In the field requesting the facts supporting her case, Morrison states, "see attached." (*Id.*) Attached to the Complaint are 38 pages labelled through Exhibit N. The Exhibits consist of seemingly unrelated e-mails, primarily between Morrison and other Lincoln personnel. There are also several pieces of correspondence. (ECF No. 2-2.) Exhibit B is a chain of emails including one in which Morrison complains to Defendant Tanksley that another individual named Rochelle made slanderous comments about Morrison, bullied her, and created a hostile work environment. Whether this issue was resolved is not reflected in the remainder of Exhibit B. None of the other Exhibits appears to reflect Morrison's conditions of employment. Morrison does not provide any narrative of facts elsewhere in her Complaint or in the Exhibits thereto.

Morrison alleges that she filed a charge with the EEOC on May 7, 2020 and received a Right to Sue Letter on November 23, 2020. (ECF No. 2 at 7.) The Letter is not attached to the Complaint. Morrison further alleges that she filed a charge with the Pennsylvania Human Relations Commission on February 6, 2020, and that more than a year had passed since that filing. (*Id.*) As relief, Morrison requests re-employment, a change to her separation status "to be lack of work," a letter of

recommendation signed by Defendant Tanksley, and any other available relief. (*Id.* at 8.)

II

Because Morrison appears to be unable to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Morrison is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

A

Morrison seeks to pursue her claims against Defendant Tanksley individually. However, while the ADEA provides a cause of action against employers for workplace discrimination, it does not "extend that cause of action to the employer's employees in their individual capacity." *Graddy v. Children's Home of Easton*, 2016 WL 98126, at *5 (E.D. Pa. Jan. 7, 2016) (quoting *Barthold v. Briarleaf Nursing & Convalescent Ctr. Nursing Home*, No. Civ. A. 13-2463, 2014 WL 2921534, at *2 (E.D. Pa. June 27, 2014); s*ee also Hill v. Borough of Kutztown*, 455 F.3d 225, 246 (3d Cir. 2006) ("[T]he ADEA

3

does not provide for individual liability"). As a result, Morrison cannot state a plausible claim against Defendant Tanksley and this claim must be dismissed with prejudice.

Liability under the PHRA may be imposed on an individual who aids or abets any "unlawful discriminatory practice." 43 Pa. Cons. Stat. § 955(e). Individual liability is limited to "supervisory employees," because only "supervisory employees can share the discriminatory intent and purpose of the employer." *Destefano v. Henry Michell Co.*, No. 99-5501, 2000 WL 433993, at \*2 (E D. Pa. Apr. 13, 2000) (citing *Dici v. Commonwealth*, 91 F.3d 542, 553 (3d Cir. 1996). Proof of intent to aid the employer is required under§ 955(e) to impose aiding and abetting liability. *Pinder v. Ortiz*, 2015 WL 317043, at \*2 (E.D. Pa. Jan. 26, 2015). An individual supervisory employee can also be liable for his or her own direct acts of discrimination, or for failure to take action to prevent further discrimination of which he or she is aware. *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C.*, 20 F.Supp.2d 885, 887 (E D. Pa. 1998) (citing *Dici*, 91 F.3d at 552-52).

Morrison does not allege the position Tanksley held, and therefore the Court cannot determine whether he could be individually liable under the PHRA. Moreover, to the extent Morrison seeks to state such a claim against Tanksley, she has not alleged whether the claim is based on an aiding and abetting theory or on Tanksley's own acts of discrimination. For these reasons, her claim is not plausible and must be dismissed. Morrison will be granted leave to amend this claim, because the Court cannot state with certainty that she will not be able to state a plausible claim. Amendment of this claim should address other pleading deficiencies in her PHRA claim identified by the Court elsewhere in this Memorandum.

B

Morrison seeks to pursue employment discrimination claims against her former employer. Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). To establish a *prima facie* case of age discrimination, a plaintiff must allege that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). A plaintiff must allege these same elements in order to set forth a plausible claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts"). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Morrison alleges that she is a member of a protected class and that she suffered adverse employment actions, including and up to termination of her employment.  However, she does not allege what her position was at the time she was terminated or that she was qualified for the position, and she does not include any facts describing the circumstances surrounding the alleged adverse employment actions.  The papers attached to her Complaint overwhelmingly do not touch on workplace conditions, and the single Exhibit that does is not sufficient to state a plausible claim under the ADEA or PHRA.  The form Complaint violates Rule 8, which "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).  Morrison's Complaint does not contain a short, plain statement describing the facts giving rise to her claim. The Complaint does little more than refer to its attachments, which do not "provide enough information to put [the named Defendants] on sufficient notice to prepare [their] defense and also ensure that the Court is sufficiently informed to determine the issue." *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x, 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).")  For these reasons, Morrison's Complaint does not allege plausible claims and must be dismissed.  However, because the Court cannot say Morrison will be unable to state a plausible claim, she will be granted leave to amend her claims against Lincoln University.

IV

Morrison's application for leave to proceed *in forma pauperis* will be granted, her ADEA claim against Defendant Tanksley will be dismissed with prejudice, and the remainder of her Complaint dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Morrison will be granted leave to amend her Complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Morrison's Motion for Appointment of Counsel will be denied without prejudice to her reasserting her request for counsel in the event she returns with an amended complaint.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**